UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


MARTY CALDERON
CHRISTOPHER SANTOS
                                          PRISONER
          v.                      CASE NO.  3:06CV61(PCD)

THERESA C. LANTZ
JAMES DZURENDA


ORDER

     Plaintiff Christopher Santos ("Santos") is an inmate currently confined at Garner Correctional Institution.  He brings this civil rights action with his mother, plaintiff Marty Calderon ("Calderon"), against defendants Commissioner of Correction Theresa C. Lantz and Warden of Garner Correctional Institution James Dzurenda.  In their amended complaint, filed February 7, 2006, plaintiffs allege that, on November 26, 2005, Santos was bitten by an HIV positive inmate and was not immediately provided medical treatment.  As a result of the injury, Santos was unable to attend his November 29, 2005 parole hearing.  Plaintiffs also allege that Calderon was denied immediate access to and copies of Santos' medical and disciplinary records and was denied visitation with Santos from November 26, 2005 until January 6, 2006.

The administrative remedies for the Connecticut Department of Correction are set forth in Administrative Directive 9.6, entitled Inmate Grievances.  Section 6(A) provides that the following matters are grievable:

1. The interpretation and application of policies, rules and procedures of the unit, division and Department.
2. The existence or substance of policies, rules and procedure of the unit, division and Department....
3. Individual employee and inmate actions including any denial of access of inmates to the Inmate Grievance Procedure other than as provided herein.
4. Formal or informal reprisal for use of or participation in the Inmate Grievance Procedure.
5. Any other matter relating to access to privileges, programs and services, conditions of care or supervision and living unit conditions within the authority of the Department of Correction, to include rights under the Americans with Disabilities Act, except as noted herein.
6. Property loss or damage.
7. Any and all other complaints of any nature concerning prison life.

See http://www.doc.state.ct.us/ad/ch9.

Santos' claims, including the failure to protect him from harm, delay of medical treatment and denial of visitation with his mother, are included within the list of grievable matters at items 3, 5 and 7.  Thus, Santos was required to fully exhaust his administrative remedies before he filed this action.

Although grievance procedures were available to Santos, he states that there are no grievance procedures for monetary

damages thereby implying that he is not required to exhaust his administrative remedies before commencing this action. Plaintiffs are incorrect.  The Supreme Court has held that inmates must exhaust administrative remedies before filing any type of action in federal court, see Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 992 (2002), regardless of whether the inmate may obtain the specific relief he desires through the administrative process.  See Booth v. Churner, 532 U.S. 731, 741 (2001).

The Second Circuit has cautioned the district courts not to dismiss a case for failure to exhaust administrative remedies without ensuring that the plaintiff has notice and an opportunity to demonstrate that he has exhausted his available remedies.  See Snider v. Melindez, 199 F.3d 108, 112 (2d Cir. 1999).

Accordingly, plaintiff's are afforded **twenty (20)** days from the date of this order to provide evidence that Santos fully exhausted his administrative remedies with regard to each claim he asserts in the amended complaint.  Failure to provide evidence of exhaustion within the time provided will result in the dismissal of all claims asserted by Santos.

**SO ORDERED.**

Entered this 20th day of March, 2006, at Bridgeport, Connecticut.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

3