UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


MARTY CALDERON
CHRISTOPHER SANTOS
                                        PRISONER
        v.                      CASE NO.  3:06CV61(PCD)

THERESA C. LANTZ
JAMES DZURENDA



RULING AND ORDER

Plaintiff Christopher Santos ("Santos") is an inmate currently confined at Garner Correctional Institution.  He brings this civil rights action with his mother, plaintiff Marty Calderon ("Calderon"), against defendants Commissioner of Correction Theresa C. Lantz and Warden of Garner Correctional Institution James Dzurenda.  In their amended complaint, filed February 7, 2006, plaintiffs allege that, on November 26, 2005, Santos was bitten by an HIV positive inmate and was not immediately provided medical treatment.  As a result of the injury, Santos was unable to attend his November 29, 2005 parole hearing.  Plaintiffs also allege that Calderon was denied immediate access to and copies of Santos' medical and disciplinary records and was denied visitation with Santos from November 26, 2005 until January 6, 2006.

On March 21, 2006, the court ordered Santos to provide evidence that he exhausted his administrative remedies before commencing this action.  In response, plaintiffs have moved for a hearing to enable Santos to explain that he did file a grievance regarding this incident but that he no longer has a copy.  They also have filed motions seeking service of the amended complaint and leave to file a supplemental complaint.

I.   <u>Motion for Service [doc. #6]</u>

Calderon has filed a motion asking the court to serve the defendants by summons.  This motion should be denied for three reasons.  First, the court notes that defendants have appeared voluntarily.  Thus, unless defendants challenge service, there is no need to order the U.S. Marshal to effect service.

Second, plaintiffs' filed this action pursuant to 28 U.S.C. § 1915.  That statute requires the court to screen the complaint to ensure that only cognizable claims are ordered served.  The court has not yet reviewed the merits of the claims in the amended complaint.  Thus, the request for service is premature.

Third, this motion was signed by Calderon only.  Rule 11(a), Fed. R. Civ. P., requires that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party."  Neither Calderon nor Santos is an attorney admitted to practice

2

in this court.

Calderon has attached papers to the amended complaint showing that she is the legal conservator of Santos and has his power of attorney.  Neither of these documents permits her to file papers in this court on Santos' behalf.  Another judge in this district has addressed Calderon's claims that she can file papers for and pursue a lawsuit on behalf of her son.  The court reviewed the same documents Calderon presents in this case and concluded that Calderon cannot represent her son.  See Calderon, et al. v. State of Connecticut, et al., No. 3:04cv1562(JCH)(HBF), 2005 WL 2123543, at *2 (D. Conn. Aug, 29, 2005).  Thus, the motion should be denied for this reason as well.

II.  Motions for Hearing [docs. ##11, 13]

Plaintiffs filed two motions for hearing.  The first motion is signed only by Calderon.  The second is signed by  both plaintiffs.

While Santos was required to indicate whether he exhausted his administrative remedies before commencing this action, exhaustion of administrative remedies is an affirmative defense.  Thus, defendants bear the burden of demonstrating that Santos failed to exhaust his administrative remedies.  In light of Santos' representation in the second motion for hearing that he did file an institutional grievance regarding this incident, the court concludes that the defendants now bear the burden of

3

challenging the adequacy of Santos' efforts.  Thus, a hearing is
not required at this time to determine whether Santos met the
exhaustion requirements for his claims.  The second motion for
hearing [**doc. #13**] is **DENIED**.  The first motion for hearing [**doc.
#11**] is **DENIED** as moot and for failing to comply with Rule 11,
Fed. R. Civ. P., which requires that any motion be signed by all
pro se parties.

III. <u>Motion to Supplement Complaint [doc. #12]</u>

     Calderon seeks leave to supplement her complaint with
allegations regarding her inability to visit her son between May
14, 2006, and June 10, 2006, and threats Santos received from
gang members during that time.

     The motion is signed by Calderon only.  As stated above,
this is improper.  In addition, the supplemental complaint does
not include the claims from the original complaint.  As
plaintiffs have been advised in other cases, any amended
complaint completely supercedes the original complaint and
renders the former complaint of no legal effect.  Thus, any
supplemental complaint must include all claims.  <u>See</u> <u>Calderon</u>,
2005 WL 2123543, at *2 (citing <u>International Controls Corp. v.
Vesco</u>, 556 F.2d 665, 668 (2d Cir. 1977)).  Accordingly, the
motion is denied.

     The court notes, however, that even if the motion were
signed by both plaintiffs and included a proper proposed amended

complaint, leave to amend would be denied.  Rule 15(a) provides
that permission to amend a complaint "shall be freely given when
justice so requires."  Underlying this rule is an assumption that
the amended complaint will clarify or amplify the original cause
of action.  See Klos v. Haskell, 835 F. Supp. 710, 715 n.3
(W.D.N.Y. 1993), aff'd, 48 F.3d 81 (2d Cir. 1995).  In the
amended complaint, plaintiffs allege that Santos was bitten by an
HIV-infected inmate, that he was provided inadequate medical care
and was denied visits with Calderon from November 26, 2005, until
January 6, 2006.

The supplemental complaint concerns an incident several
months later that is not related to the assault and alleged HIV
infection.  Including these new allegations, which are not
related to the incident underlying the amended complaint, will
not clarify this action.

IV.  Review of the Amended Complaint

Santos asserts federal claims of failure to protect him from
harm caused by another inmate and denial of prompt medical
attention.  Both plaintiffs bring claims of denial of visitation
and various state law claims.

A.  Standard of Review

The court must review any complaint filed pursuant to 28
U.S.C. § 1915 and dismiss any claims that are "frivolous,
malicious, or fail to state a claim upon which relief may be

granted."  28 U.S.C. § 1915A(b).  The dismissal of a complaint by a district court is mandatory rather than discretionary.  <u>See</u> <u>Cruz v. Gomez</u>, 202 F.3d 593, 596 (2d Cir. 2000).  In reviewing the complaint, the court "accept[s] as true all factual allegations in the complaint" and draws inferences from these allegations in the light most favorable to the plaintiff.  <u>Id.</u> at 596 (citing <u>King v. Simpson</u>, 189 F.3d 284, 287 (2d Cir. 1999)).  Dismissal of the complaint under 28 U.S.C. § 1915A or § 1915(e)(2)(B), is only appropriate if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  <u>Id.</u> at 597 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

In order to state a claim for relief under section 1983 of the Civil Rights Act, plaintiffs must satisfy a two-part test. First, they must allege facts demonstrating that defendant acted under color of state law.  Second, they must allege facts demonstrating that they have been deprived of a constitutionally or federally protected right.  <u>See</u> <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 930 (1982); <u>Washington v. James</u>, 782 F.2d 1134, 1138 (2d Cir. 1986).

B.   <u>Facts</u>

Plaintiffs allege the following facts in the amended complaint.

On Saturday, November 26, 2005, correctional staff at Garner

Correctional Institution directed Santos to enter the food line for supper.  While in the food line, inmate Jordan threatened Santos using his arms and hands.  Correctional Officer Quionnes observed this activity.  The incident escalated into an altercation.  Before any correctional staff intervened or summoned additional assistance, inmate Jordan bit Santos on the hand and fingers.  Correctional staff later told Santos that inmate Jordan was HIV positive.  Santos was not immediately taken to an outside hospital or provided medical assistance in the facility.  He was given antivirus medication on the following Monday.  Santos became sick and vomited while on the antivirus medication.

Santos was placed in administrative segregation following the altercation and remained there until January 6, 2006.  During this time, he was not permitted to visit with his mother.  Santos also was unable to attend his parole hearing, which had been scheduled for three days after the altercation.

C.   Denial of Visitation

Both plaintiffs allege that the defendants deprived them of their constitutional right of association because they were denied the right to visit with each other between November 26, 2005 and January 6, 2006.  Although Calderon is not a prisoner, her associational rights are no greater than the rights of the prisoner, Santos, with whom she wishes to associate.  See

7

Thornburgh v. Abbott, 490 U.S. 401, 410 fn.9 (1989) (holding that the "legitimate penological interests" standard applies to alleged associational infringements on prisoners and non-prisoners alike).

Plaintiffs allege that they could not visit with each other while Santos was confined on administrative segregation after the altercation. To state a cognizable claim for denial of visitation, plaintiffs must identify a constitutionally protected right that was violated by the defendants.

Inmates, however, have no constitutional right to visitation. See Flanagan v. Shively, 783 F. Supp. 922, 934 (M.D. Pa.), aff'd, 980 F.2d 722 (3d Cir. 1992), cert. denied, 114 S. Ct. 95 (1993) (neither convicted prisoners nor their family have constitutional right to visitation). Visitation is a privilege afforded to inmates that may be revoked at the discretion of the warden if he deems revocation necessary to ensure security and maintain order. Because visitation is afforded at the discretion of the warden, no due process right is implicated if the privilege is withdrawn for a time. See Overton v. Bazzetta, 539 U.S. 126, 137 (2003) (noting that a limited "withdrawal of visitation privileges ... [is] a regular means of effecting prison discipline"). Thus, the denial of visits for a little over one month, while Santos was confined in administrative

8

segregation,[1] is not cognizable under section 1983.  In addition, because no right to due process is implicated by the withdrawal of visitation privileges for a time, Santos' claim of denial of due process also fails.

>    D.    Improper Medical Care and Failure to Protect

Santos also alleges that the defendants failed to protect him from assault by inmate Jordan and failed to provide him medical assistance until the Monday following the altercation. The only defendants in this case, however, are the Commissioner of Correction and the Warden of Garner Correctional Institution. Both are supervisory officials.

"A supervisor may not be held liable under section 1983 merely because his subordinate committed a constitutional tort." Leonard v. Poe, 282 F.3d 123, 140 (2d Cir. 2002).  Section 1983 imposes liability only on the official causing the violation. Thus, the doctrine of respondeat superior is inapplicable in section 1983 cases.  See Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999); Prince v. Edwards, No. 99 Civ. 8650(DC), 2000 WL 633382, at *6 (S.D.N.Y. May 17, 2000) ("Liability may not be premised on the respondeat superior or vicarious liability doctrines, ... nor may a defendant be liable merely by his connection to the events through links in the chain of

---

[1]Santos does not challenge his administrative segregation placement.

command.")(internal quotations and citation omitted).

> [A] supervisor may be found liable for his
> deliberate indifference to the rights of
> others by his failure to act on information
> indicating unconstitutional acts were
> occurring or for his gross negligence in
> failing to supervise his subordinates who
> commit such wrongful acts, provided that the
> plaintiff can show an affirmative causal link
> between the supervisor's inaction and [his]
> injury.

Leonard, 282 F.3d at 140.

Plaintiffs do not reference either defendant in their description of the incidents giving rise to this action.  Neither plaintiff alleges that he or she ever informed either defendant about the incident or any subsequent events.  Thus, plaintiffs fail to allege any facts from which the court could infer that either defendant was made aware of and failed to take action in response to the incidents.  Instead, plaintiffs assume that defendants were aware of every occurrence in the correctional facility because of their supervisory positions.  Respondeat superior does not support a section 1983 claim.  Thus, all claims against defendants Lantz and Dzurenda are dismissed.

E.   State Law Claims

Plaintiffs also include claims for violation of various state laws, such as, loss of parental consortium, infliction of emotional distress and failure to respond to requests made on the authority of the power of attorney.

Supplemental or pendent jurisdiction is a matter of

discretion, not of right.  See United Mine Workers v. Gibbs, 383
U.S. 715, 715-26 (1966).  Where all federal claims have been
dismissed before trial, pendent state claims should be dismissed
without prejudice and left for resolution by the state courts.
See 28 U.S.C. § 1367(c)(3); Giordano v. City of New York, 274
F.3d 740, 754 (2d Cir. 2001) (collecting cases).  Because the
court has dismissed all federal law claims, it declines to
exercise supplemental jurisdiction over plaintiffs' state law
claims.

V.   Conclusion

     All federal law claims in the amended complaint are
**DISMISSED** pursuant to 28 U.S.C. § 1915(A) for failure to state a
claim upon which relief may be granted.  The court declines to
exercise supplemental jurisdiction over plaintiffs' state law
claims.  Plaintiffs may pursue their state law claims in state
court.

     The motions for hearing [**docs. ##11, 13**], service of the
amended complaint [**doc. #6**] and to supplement the complaint [**doc.
#12**] are **DENIED**.  The court concludes that any appeal in forma
pauperis of this order would not be taken in good faith.

     **SO ORDERED** this _____17th_____ day of July, 2006, at New Haven,
Connecticut.

                              _____/s/_____
                              Peter C. Dorsey
                              United States District Judge

11